## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FRANK A. STACK and SAUNDRA STACK,

                    Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP,

                    Defendant.

                                  /

CASE NO. 11-13746

HON. MARIANNE O. BATTANI

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Bank of America, NA, ("BANA") Successor by Merger to BAC Home Loans Servicing, LP's Motion to Dismiss (Doc. No. 6). The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court grants Defendant's motion.

## I.    INTRODUCTION

Plaintiffs Frank and Saundra Stack filed a Verified Complaint for Quiet Title and Other Relief in Oakland County Circuit Court. (Doc. No. 1, Ex. A). According to Plaintiffs, they purchased real property located at 1201 Fox Chase Road, Bloomfield, Michigan, and executed a mortgage with Countrywide Home Loans. (Id., ¶¶ 7, 8). The mortgage subsequently was assigned to BANA. (Id., ¶ 9).

After Stacks suffered economic hardship, they contacted BANA to obtain a loan modification pursuant to HAMP. (Id., ¶ 11). Plaintiffs were denied a modification on March 31, 2010, and were instructed to reapply. (Id., ¶ 12). They did, and submitted all

required documents to Defendant.  (Id., ¶ 14).  Stacks were told that they had been approved for a loan modification in July 2010 and to expect an application; however, no application arrived until December 2010.  (Id., ¶¶ 15, 17).  Stacks completed the application and returned it to Defendant.  (Id., ¶ 17).  Although Plaintiffs inquired about the status repeatedly, they did not hear that they would be approved until April 2011.  (Id., ¶ 19).  Plaintiffs' home was sold at a sheriff's sale on May 10, 2011.  (Id., ¶ 20).  Plaintiffs failed to redeem the property prior to the expiration of the redemption period on November 10, 2011.  (See Doc. No. 6, Ex. D).

Plaintiffs filed their complaint in Oakland County Circuit Court on July 25, 2011.  In their Complaint, Stacks allege violations of the statutory foreclosure laws (Count I), Breach of Contract ) (Count II), Fraud/Misrepresentation (Count III),  Quiet Title (Count IV), Relief from Sheriff Sale and/or Set Aside Foreclosure (Count V), Declaratory and Injunctive Relief (Count VI), and Violation of Dower Rights (Count VII).[1]  Defendant timely removed to this Court based upon diversity of citizenship.  (See Doc. No. 1).

## II.  STANDARD OF REVIEW

A motion to dismiss brought under Rule 12(b)(1) seeks dismissal of  a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A motion brought under this provision must be granted if, "taking as true all facts alleged by the plaintiff, the court is without subject matter jurisdiction to hear the claim.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

In reviewing a motion to dismiss, the court "must construe the complaint in the light

---

[1]Plaintiffs do not contest dismissal of Count VI and VII of their complaint.

most favorable to the plaintiff [and] accept all factual allegations as true." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). This standard does not require the court to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief." Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6). . .matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A court may consider "documents incorporated into a complaint by reference and matters of which a court may take judicial notice" without converting the motion into one for summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007).

## III.  ANALYSIS

Defendant maintains that Plaintiffs lack standing to proceed and seek dismissal on this basis as well as other grounds. Because jurisdiction must be decided first, the Court addresses Plaintiffs' standing to assert their claim to the property after the redemption period has expired.

Under Michigan law, an equitable extension of the redemption period may be available with a clear showing of fraud or irregularity. See Overton v. Mortgage Electronic

3

Registration Sys., Inc., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009).   Accord Manufacturers Hanover Mortgage Corp. v. Snell, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (noting that a mortgagor could challenge an invalid foreclosure by advertisement by raising equitable defenses to a summary eviction proceedings); United States v. Garno, 974 F. Supp. 628, 633 (E. D. Mich. 1997) (holding that under Michigan law, "a very good reason" may mandate setting aside a foreclosure sale) (citation omitted). The Court therefore considers whether Plaintiffs' allegations of fraud or irregularity provide a sufficient basis to attack the foreclosure under Rule 12(b)(6).   See Hart v. Countrywide Home Loans, Inc., 735 F. Supp.2d 741, 745 (E.D. Mich. 2010);   Lemke v. H & R Block Mortg. Corp., 11-14979, 2012 WL 715894 (E.D. Mich. Mar. 6, 2012) (citing Tatar v. Trott & Trott, P.C., No. 10–12832, 2011 WL 3706510 (E.D. Mich. Aug. 3, 2011)); Brezzell v. Bank of Am., N.A., No. 11–11467, 2011 WL 2682973 (E.D.Mich. July 11, 2011)).

### A. Irregularities in the Foreclosure Process

In Count I, Plaintiffs assert that Defendant violated the foreclosure statute because it lacked authority to foreclose by advertisement and failed to provide proper notice of the sheriff sale.   In assessing the viability of the claim, the Court considers not only the allegations in the complaint, but also documents referenced in the pleadings that are central to the claims, such as the Note, Mortgage, Assignment of Mortgage, and Sheriff's Deed.   Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007).

To support their position that Defendant lacked authority to foreclose by advertisement, Stacks argue that BANA was not the original mortgagee, and it "received the mortgage by way of a direct assignment" from Mortgage Electronic Registration

4

Systems ("MERS"), which lacks authority under the governing statute to foreclosure. (Doc. No. 1, Ex. A at ¶¶ 35-41).  See Residential Funding Co., LLC v. Saurman, No. 290248, 2011 WL 1516819 at *27 (Mich. Ct. App. Apr. 21, 2011) (invalidating a foreclosure by advertisement conducted by MERS, reasoning that the statute restricts the remedy to the servicer of the mortgage or the owner of an interest in the indebtedness secured by the mortgage, and MERS was neither) (citing Mich. Comp. Laws § 600.3204(1)(d)).  See also Allen Bakri v. MERS, No. 297962, 2011 WL 3476818 (Mich. Ct. App. Aug. 9, 2011) (extending the Residential Funding ruling to include third-party assignments from MERS when the assignee, rather than MERS, forecloses by advertisement).

The Michigan Supreme Court reversed the appellate court's ruling, in Residential Funding Co., LLC v. Saurman, 805 N.W.2d 183 (Mich. 2011).  After reviewing the statutory language, the Michigan Supreme Court held that MERS, acting as nominee of the lender, was authorized to foreclose by advertisement.   The reasoning likewise applies to assignees of MERS.  See Fortson v. Fed. Home Loan Mortg., No. 12-10043, 2012 WL 1183692 at *4 (E. D. Mich. Apr. 9, 2012) (holding that an assignment by MERS prior to a foreclosure sale by the assignee comports with the statute).   Therefore, BANA had authority to foreclose by advertisement.

In addition, Plaintiffs allege a statutory violation occurred because they did not receive proper notice of the sheriff's sale.  (Doc. No. 1, Ex. A at ¶ 21).  In their response, Stacks assert that notice was not posted on their property.

The Sheriff's Deed on Mortgage Foreclosure includes the notarized Affidavit of Posting.   Contrary to Plaintiffs' allegation, the Affidavit of Posting, shows that on

5

September 29, 2010, David Gilhooly posed a Notice "in a conspicuous place" on the property. (Doc. No. 6, Ex. D.) These documents are presumptive evidence of the fact that notice was given. Mich. Comp. Laws § 600.3264.

Moreover, even if the Court credits Plaintiffs' allegations that notice of the pending sheriff's sale was not posted on the house, it lacks statutory authority to undo the sale. See Stein v. U.S. Bancorp. No. 11-10150, 2011 WL 3500990 at *4 (E. D. Mich. Aug. 10. 2010) (holding that a violation of the statute merely provides the borrowers with an opportunity to request judicial foreclosure). See also Mich. Comp. Laws § 600.3205c(8). No such request was made during the foreclosure process. Further under Michigan case law, a defect in notice renders a sale voidable, not void. Jackson Investment Corp. v. Pittsfield Prods., Inc., 413 N.W.2d 99 (Mich. Ct. App. 1987) (declining to void a sale where the plaintiff failed to redeem the property, and the purchaser relied on the apparent validity of the foreclosure sale).

Here, Plaintiffs filed a complaint within several months of the sale, before the redemption period expired.  They allege that had they "been made aware of the pending sheriff sale they could have cured deficiency and avoided their home being sold." (Doc. No. 1, ¶ 24). Plaintiffs further allege that they were deprived of the opportunity to "pay the delinquent amount and become current." (Id. at ¶ 25). These allegations are insufficient to justify an equitable extension of the redemption period. See Nafso v. Wells Fargo Bank, N.A., No. 11-10478, 2011 WL 1575372 (E. D. Mich. Apr. 26, 2011); Galati v. Wells Fargo Bank, No. 11-11487, 2011 WL 5178276 (E. D. Mich. Nov. 1, 2011). Simply put Plaintiffs knew that the sheriff's sale occurred and never redeemed the property.

6

### B. Loan Modification

Stacks' allegation that BANA wrongfully denied their request for a loan modification, gives rise to their claims of Breach of Contract and Fraud/Misrepresentation.  The statute of frauds bars both claims.

Under Mich. Comp. Laws § 566.132(2), a party may not bring an action against a financial institution to enforce a promise to modify a loan unless the promise "is in writing and signed with an authorized signature by the financial institution."  Here, Stacks have not alleged that they have a signed writing containing a promise to modify their loan or delay foreclosure beyond 90 days.  Regardless of how Plaintiffs label their claims against Defendant, their breach of contract claim and fraud claims are barred by § 566.132(2).  See Crown Technology v. D & N Bank, FSB, 619 N.W. 2d 66, 72 (Mich. Ct. App. 2000).

Even if the statute of frauds did not bar Stacks' breach of contract claim, it fails under Rule 12(b)(6).  In Count II, Stacks assert that they were qualified for relief under the "Home Affordable Modification Program" ("HAMP"), which was created by the Emergency Economic Stabilization Act, 12 U.S.C. § 5201 (2008).  Because HAMP creates no private cause of action for Plaintiffs, Count II must be dismissed.  See, e.g., Edwards v. Aurora Loan Servs., LLC152, 791 F. Supp.2d 144, 152 (D.D.C. 2011); Hart v. Countrywide Home Loans, Inc., 735 F. Supp.2d 741, 745 (E.D. Mich. 2010).

Plaintiffs' fraud claim also suffers pleading deficiencies.  To state a claim for fraud in Michigan, a plaintiff must show:

> (1) That the defendant made a material representation; (2) that it was false; (3) that at the time the representation was made the defendant knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that the defendant made it with the intention that it

7

should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

Hi–Way Motor Co. v. Int'l Harvester Co., 247 N.W.2d 813, 816 (Mich. 1976). Plaintiffs' Complaint does not include allegations as to each element.    Nor do the allegations satisfy Rule 9(b) of the Federal Rules of Civil Procedure, which requires that allegations of fraud be pleaded with particularity:  the time, place and manner of each act of fraud, as well as the role of each defendant in each scheme must be alleged.  Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984).

Where a party fails to meets its Rule 9(b) burden, dismissal is warranted.  Haigh v. Orlans Associates, P.C., 12-10867, 2012 WL 1365081 (E.D. Mich. Apr. 19, 2012). Accordingly, Count III is dismissed.

### C. Quiet Title

In support of their Quiet Title claim, Plaintiffs allege that they have a superior interest in the property because BANA cannot produce the original note, and is not the holder of the original note.   The basis upon which Plaintiffs bring this claim fails to state a claim .

Specifically, in Livonia Properties Holdings, LLC v. Farmington Road Holdings, No. 10-1782, 2010 WL 4275305 (6th Cir. 2010), the court rejected a borrower's challenge to the foreclosing party's chain of title for two reasons:  (1) the invalidation of the interim assignment would not destroy the record chain of title because the public record would remain unchanged; and (2) even if the assignment was flawed, the borrower, as a nonparty to the assignment, lacked standing to raise that defect as a challenge to the foreclosing party's chain of title.

8

Here, Plaintiffs, who were not parties to the assignment, lack standing to challenge the validity of the assignment between MERS and BANA.  They mortgaged the property to MERS and to the successors and assignees of MERS.  Because no viable claim has been advanced that Plaintiffs might be subject to double liability on this debt, their claim must be dismissed.  Cable v. Mortgage Elec. Registration Sys., Inc., 11-CV-14877, 2012 WL 2374236 (E.D. Mich. June 22, 2012) .  Moreover, Plaintiffs are not entitled to title free and clear of the interest of the purchaser of the property at the Sheriff's sale.

**IV.  CONCLUSION**

For the reasons stated, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**


                              s/Marianne O. Battani
                              MARIANNE O. BATTANI
                              UNITED STATES DISTRICT JUDGE

Date: August 31, 2012

**CERTIFICATE OF SERVICE**

Copies of this Opinion and Order were mailed and/or electronically filed to counsel of record on this date.


                              s/Bernadette M. Thebolt
                              Case Manager

9